**ALTERNATIVE ENERGY, INC., et al., Plaintiffs**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant**

**No. CIV. 00–189–PH.**

United States District Court, D. Maine.

Jan. 28, 2002.

Jeffrey Bennett, Esq., Bennett, Bennett & Troiano, P.A., Portland, ME, Plaintiffs.

Karen Frink Wolf, Esq., Friedman, Babcock & Gaythwaite, Portland, ME, Richard A. Simpson, Esq., Jeffrey Ward, Esq., Ross, Dixon & Bell LLP, Washington, DC, for Defendant.

## ORDER ON DEFENDANT'S MOTION FOR FURTHER RELIEF

HORNBY, Chief Judge.

In this insurance coverage declaratory judgment action, the defendant insurance company persuaded me and the court of appeals that an earlier settlement agreement protected it from the plaintiffs' claims. Now the insurance company seeks further relief under 28 U.S.C. § 2202 (1994), specifically an award of its attorney fees and costs in defending against the declaratory judgment action. The motion is timely and section 2202 would permit this extension of relief. Jurisdiction is based upon diversity of citizenship and Maine law applies.

Maine follows the American rule, that attorney fees are not generally available in the absence of a statute awarding fees or a contract provision to the same effect. *See, e.g., Bank of Maine, N.A. v. Weisberger,* 477 A.2d 741, 744–45 (Me. 1984). Despite the insurer's statements to the contrary, Def. Reply at 6–7, this case does not fit the very limited exception for bad faith litigation. *See, e.g., Linscott v. Foy,* 716 A.2d 1017, 1021 (Me.1998). It was a loser, but not frivolously so. There is no applicable statute. Instead, the insurer rests its case upon the following language of the earlier settlement agreement:

> The Releasors [the plaintiffs here] further agree to hold the Releasees [the insurer here and the insured lawyer whose alleged malpractice is the foundation of the plaintiffs' claim] harmless

from, and to defend and indemnify the Releasees against, any claims or actions of any kind for contribution and/or indemnification by any other person or organization on account of the judgment or settlement of any claim asserted by or on behalf of any person as a result of the damages allegedly sustained by the Releasors, or any of them, arising out of the Cadillac Project.

General Release and Indemnity Agreement ("Agreement") at 1. The insurer argues that the costs of its defense fit this defense and indemnification language. I disagree. The subject of this defense and indemnification paragraph is claims brought against the Releasees by *other* people or organizations after they have settled or lost a lawsuit arising out of this Project; the parties here were not talking about the pursuit of a further claim by the Releasors against the Releasees (which, as I have previously ruled, the Releasees reasonably thought they had finally disposed of). The insurer argues that I should ignore the word "other," that it means only someone other than the Releasee in question, not someone other than the Releasors. Def. Reply at 3–4. That is an unreasonable reading, both syntactically and logically; the word could have been omitted, if that is all it meant. Moreover, the parties to this Settlement Agreement knew perfectly well how to provide for attorney fees in the event of a breach. Thus, they provided explicitly:

> Since freedom from costs of future litigation represents an important item of consideration bargained for by the parties to the settlement reflected in this General Release and Indemnity Agreement, the Releasors agree that if any of the Releasees sues and wins a judgment against any of the Releasors for breach of the non-disclosure agreement set forth in the preceding paragraph, then the damages recoverable for such breach shall include the reasonable attorneys' fees and costs incurred in that lawsuit.

Agreement at 2. That was the place for dealing with litigation costs among the parties to the settlement agreement. It would have been very easy to add a sentence that fees would be recoverable in any lawsuit to enforce the terms of the settlement agreement, but no such language appears. I understand the insurer's chagrin that, believing it had disposed of all its liability and costs, it nevertheless had to expend attorney fees to defend this declaratory judgment lawsuit. Without a contractual provision transferring this expense to the plaintiffs, however, it must take solace in its victory of principle and proceed to pay its own lawyers.

So Ordered.